IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRAXXAS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Cause No. _____ |
| COASTAL WIRELESS | § | |
| DATA, LLC and TEKNOLOGY | § | |
| CONSULTING GROUP, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Traxxas, LP ("Traxxas") files this Original Complaint complaining of Defendants Coastal Wireless Data, LLC ("Coastal Wireless") and TeKnology Consulting Group, Inc. ("TekCG"), and states:

### I. PARTIES AND VENUE

1. **Traxxas**.  Traxxas is a Texas limited partnership with its principal place of business in Collin County, Texas.

2. **Coastal Wireless**.  Coastal Wireless is a limited liability company with its principal office and place of business at 191 Elm Street, #1, Salisbury, MA  01952. Coastal Wireless does not maintain an agent for service of process in the State of Texas, and therefore the Secretary of State is its agent for service of process pursuant to TEX. BUS. CORP. ACT, Art 8.10, which provides that service on the Secretary of State shall be made by delivering to and leaving with him, or with the Deputy Secretary of State, or with any clerk having charge of the corporation department of his office, duplicate copies

of process. The Secretary of State shall immediately forward one copy thereof, by registered mail, to the corporation at its principal office in the state or country under the laws of which it is incorporated.

3. **TekCG.** TekCG is a corporation with its principal place of business at 824 Broadway, Haverhill, MA 01832. TekCG does not maintain an agent for service of process in the State of Texas, and therefore the Secretary of State is its agent for service of process pursuant to TEX. BUS. CORP. ACT, Art 8.10, which provides that service on the Secretary of State shall be made by delivering to and leaving with him, or with the Deputy Secretary of State, or with any clerk having charge of the corporation department of his office, duplicate copies of process. The Secretary of State shall immediately forward one copy thereof, by registered mail, to the corporation at its principal office in the state or country under the laws of which it is incorporated.

4. **Jurisdiction & Venue.** The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1941 on the basis of a federal question. Venue is proper in the Federal District Court for the Eastern District of Texas, pursuant to 28 U.S.C. § 1391.

## II. FACTS

5. Traxxas creates, designs, and manufactures hobby-class radio controlled cars, trucks, and boats in both nitro and electric categories. Traxxas was started in 1986, and pioneered the first fully assembled, hobby-class remote controlled car. Traxxas "ready-to-run" vehicles have the same benefits as hobby-class kits, including replaceable parts, hop-ups, and a high quality component radio system. Traxxas is currently, and has been for the last several years, the number-1 selling name in ready-to-run nitro and

electric models.  Traxxas operates a website at traxxas.com.  Featured prominently at the top of the website are the trademarked Traxxas logo and phrase "The Fastest Name in Radio Control":



6. The Traxxas name, with its distinctive and stylized "XX" (the "Traxxas XX") is widely recognized in the remote control vehicle market, and Traxxas has registered TRAXXAS® under the following registration Nos. 2,292,851, 2,314,111 and 3,205,399 to protect its mark.  In addition to the TRAXXAS® registrations, Traxxas has registered "The Fastest Name in Radio Control"® No. 3,533,873.  Traxxas owns and has registered many other trademarks, too numerous to list here.

7. The stylized Traxxas name is fanciful: it was coined to serve as a trademark for the Traxxas line of remote controlled vehicles.  Moreover, the stylized Traxxas name and the phrase "The Fastest Name in Radio Control" has acquired secondary meaning in the market, and are widely associated with Traxxas's goods and services.  Traxxas's trademarks are valid and in full force.

8. In the summer of 2012, TekCG registered the domain name "itraxxas.com," apparently on behalf of Coastal Wireless, and developed a website at that domain for Coastal Wireless to sell Traxxas products.  At the top of the website, TekCG prominently displayed Traxxas's marks:



The itraxxas.com website was designed to imitate and impersonate Traxxas's own website at traxxas.com, trade off of Traxxas's goodwill and reputation, and confuse customers regarding the source or sponsorship of Defendants' goods and services.

9. Traxxas immediately sent a cease and desist letter to TekCG, whereupon Coastal Wireless registered the domain name "itraxxas1.com." TekCG and Coastal Wireless have refused to transfer itraxxas.com or itraxxas1.com to Traxxas.

### III.  CAUSES OF ACTION

10. **Trademark Infringement.** Coastal Wireless's and TekCG's actions, as set forth above, constitute trademark infringement pursuant to 15 U.S.C. § 1114, 15 U.S.C. § 1125, and the common law. As a result of Coastal Wireless's and TekCG's actions, Traxxas is entitled to recover its damages and Coastal Wireless's and TekCG's profits, for which it now sues.

11. **Cyberpiracy.** Coastal Wireless's and TekCG's actions, as set forth above, constitute cyberpiracy in violation of 15 U.S.C. § 1125(d). As a result of Coastal Wireless's and TekCG's actions, Traxxas is entitled to recover its damages and Coastal Wireless's and TekCG's profits, for which it now sues.

12. **Attorneys' Fees.** Traxxas is entitled to recover its reasonable and necessary attorneys' fees, pursuant to 15 U.S.C. § 1117, for which it now sues.

13. **Conditions Precedent.**  Traxxas has performed all conditions precedent to recovery of its damages, attorneys' fees, and expenses.

## IV.  RELIEF REQUESTED

14. **Prayer.**  Traxxas respectfully requests the following relief:

   a. That Coastal Wireless be served with process and be required to answer in the time and manner prescribed by law;

   b. That TekCG be served with process and be required to answer in the time and manner prescribed by law;

   c. That the Court award damages against Coastal Wireless as requested above;

   d. That the Court award damages against TekCG as requested above;

   e. That the Court order that "itraxxas.com" and "itraxxas1.com" be transferred to Traxxas;

   f. That Traxxas recover its actual damages, pre and post-judgment interest, reasonable and necessary attorneys' fees, and costs of court; and

   g. That Traxxas have such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Lance V. Clack
    Keith R. Verges
    State Bar No. 20547650
    keith.verges@figdav.com
    Lance V. Clack
    State Bar No. 24040694
    lance.clack@figdav.com

FIGARI & DAVENPORT, LLP
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR PLAINTIFF TRAXXAS, LP